IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WARD,<br><br>    Plaintiff,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Defendant. | No.  2:25-cv-02477-DJC-DMC<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Plaintiff's original complaint, ECF No. 1. Also pending before the Court is Plaintiff's Motion to Dismiss, ECF No. 4.

The Court is required to screen complaints brought by litigants who, as here, have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under this screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an action if the Court determines that it lacks subject matter jurisdiction. Pursuant to Rule 12(h)(3), the Court will also consider as a threshold matter whether it has subject-matter jurisdiction.

1   Plaintiff removed this action from Shasta County Superior Court on August 29,
2   2025. See ECF No. 1. The filed documents include a state notice to appeal a misdemeanor and
3   100 pages of narrative allegation of constitutional violations arising from Plaintiff's November 4,
4   2023, arrest. See id. It is not entirely clear to the Court what course of action Plaintiff intended,
5   whether this be a §1983 claim or if Plaintiff is seeking federal review of Plaintiff's state appeal,
6   but either course is not actionable and therefore, the undersigned will recommend dismissal.

7   If interpreted as a §1983 action alleging constitutional violations, Plaintiff's claims
8   appear to be duplicative of Plaintiff's claims in case number 2:24-cv-00978-TLN-AC, and
9   therefore dismissal would be appropriate. If Plaintiff instead intended to remove his state appeal
10  to federal course, this Court does not have jurisdiction over such a matter. See Fed. R. Civ. P.
11  12(h)(3). Because it does not appear possible that the deficiencies identified herein can be cured
12  by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of the
13  entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

14  Based on the foregoing, the undersigned recommends:
15      1.   This action be DISMISSED as duplicative and/or lack of jurisdiction; and
16      2.   Plaintiff's Motion to Dismiss, ECF No. 4, be DENIED as MOOT.

17  These findings and recommendations are submitted to the United States District
18  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days
19  after being served with these findings and recommendations, any party may file written
20  objections with the court. Responses to objections shall be filed within 14 days after service of
21  objections. Failure to file objections within the specified time may waive the right to appeal. See
22  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

24  Dated:  October 20, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2