1

2

3

4

5

6

7

8                **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   MICHAEL WARD,                          No.  2:25-cv-02477-DJC-DMC

12              Plaintiff,

13        v.                                 ORDER

14   PEOPLE OF THE STATE OF                  And
     CALIFORNIA,
15                                           AMENDED FINDINGS AND
              Defendant.                     RECOMMENDATIONS
16

17

18          Plaintiff, who is proceeding pro se, brings this civil action.  Pending before the

19   Court is Plaintiff's Notice of Removal, ECF No. 1. In response to the Court's findings and

20   recommendations, Plaintiff filed objections. See ECF No. 7. In light of Plaintiff's objections, the

21   Court will vacate the October 20, 2025, findings recommendations and issue these amended

22   findings and recommendations.

23

24              **I. PROCEDURAL HISTORY AND ALLEGATIONS**

25          Plaintiff removed this action from Shasta County Superior Court on August 29,

26   2025. See ECF No. 1. The filed documents include a state notice to appeal a misdemeanor and

27   100 pages of narrative allegations of constitutional violations arising from Plaintiff's November

28   4, 2023, arrest. See id. The notice of removal is brought pursuant to 28 U.S.C. §1443. See id.

1

1    However, in Plaintiff's objections, he asserts removal is brought pursuant to 28 U.S.C. §1455.

2    See ECF No. 7, pg. 4. Plaintiff generally asserts a violation of his constitutional rights, including

3    First, Fourth, Sixth, and Fourteenth Amendment violations, Brady violations, Bane Act

4    violations, and violations of the Americans with Disabilities Act. See ECF No. 1, pgs. 5-6.

5    Plaintiff contends that officers conducted an unlawful stop, arrested, and charged him "under bad

6    faith malicious, and retaliatory prosecution of a baseless criminal case with no Legal Justification

7    to warrant the charges of 148 P.C." Id. at 2. Shasta County Court records confirm Defendant was

8    charged November 4, 2023.[1] See The People of the State of California vs. Ward, Michael M N,

9    case no. 23M-09831. The state court records also show that on January 12, 2024, Plaintiff was

10   arraigned and entered a plea of not guilty to the charged offenses, and on June 20, 2025, the

11   proceedings were suspended upon a diversion referral. See id.

12

13                                       **II. DISCUSSION**

14            It appears from the notice of removal, and Shasta County court records, that

15   Plaintiff seeks to improperly remove a state court criminal proceeding under either 28 U.S.C.

16   §1443 or 28 U.S.C. §1455. Thus, the undersigned will recommend that this action be remanded to

17   state court.

18            A case may be removed under § 1443(1)(a) only where a two-pronged test is met.

19   "First, it must appear that the right allegedly denied the removal petitioner arises under a federal

20   law 'providing for specific civil rights stated in terms of racial equality.'" Johnson v. Mississippi,

21   421 U.S. 213, 219, 95 S. Ct. 1591, 44 L.Ed.2d 121 (1975) (quoting Georgia v. Rachel, 384 U.S.

22   780, 792, 86 S. Ct. 1783, 16 L.Ed.2d 925 (1966)). "Second, it must appear . . . that the removal

23   petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'"

24   Id. (quoting Rachel, 384 U.S. at 803). In general, there must be a state law or constitutional

25   _____

26   [1] The Court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of
     public record.  See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008).  Thus, this
27   Court may take judicial notice of state court records, see Kasey v. Molybdenum Corp. of
     America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S., 378
28   F.2d 906, 909 (9th Cir. 1967).

                                              2

1    provision that denies the defendant an opportunity to raise a federal right in his state criminal

2    proceeding. Id. (citing Rachel, 384 U.S. at 803).

3            "Section 1443 gives a right of removal to, among others, certain petitioners who

4    claim federally secured rights as a defense to a state prosecution" or civil action. People of State

5    of Cal. v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970); see also 28 U.S.C. § 1443. To establish

6    removal is proper under § 1443, "the defendant must invoke [1] 'rights that are given to [him] by

7    explicit statutory enactment protecting equal racial civil rights,' [2] 'assert that the state courts

8    will not enforce th[ose] right[s],' and support that assertion 'by reference to a state statute or a

9    constitutional provision that purports to command the state courts to ignore the federal rights.'"

10    Azam v. U.S. Bank, N.A., 690 F. App'x 484, 486 (9th Cir. 2017) (quoting Patel v. Del Taco, Inc.,

11    446 F.3d 996, 999 (9th Cir. 2006), abrogated on other grounds by BP P.L.C. v. Mayor & City

12    Council of Baltimore, 593 U.S. 230, (2021)). As to the second prong, removal might be justified,

13    even in the absence of a discriminatory state enactment, if there is an "'equivalent basis . . . for an

14    equally firm prediction that the defendant would be "denied or cannot enforce" the specified

15    federal rights in the state court.'" Carter v. Evans, 601 F. App'x 527, 528 (9th Cir. 2015) (quoting

16    State of Ga. v. Rachel, 384 U.S. 780, 804, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966)).

17            Here, there is no state law that prevents Plaintiff from raising his federal rights in

18    the state criminal proceeding nor has he established "an equivalent basis." Plaintiff asserts that he

19    was arrested and charged with a misdemeanor offense as a result of "racial targeting [and]

20    Discriminatory harassment." ECF No. 1, pg. 2. Plaintiff contends hat he "has attempted to enforce

21    the Plaintiff's constitutional rights in court but is met with resistance not only from the

22    prosecution, but the Judicial Counsel as well." Id. at 2-3. Additionally, Plaintiff contends that

23            after providing evidence of the false charge, false reporting by the officers in this
24            case, the judicial officer still awarded the officers the lowest bar of reasonable
             suspicion to stop and detain the defendant, this is an clear 'abuse of Judicial
25            Discretion' as it implied the judicial officer based his decision that goes against
             Supreme Court precedent on 'Illegal traffic stops.'

26            Id. at 3.

27    / / /

28    / / /

1    Plaintiff's disagreement with the determination that officers had reasonable

2  suspicion to detain him does not meet the threshold of a state law preventing him from raising his

3  federal rights, nor "an equivalent basis." Indeed, it appears Plaintiff did raise his federal claims in

4  state court and now seeks to remove to federal court because he disagrees with the outcome.

5    Section 1455(a) authorizes a defendant in a criminal prosecution in a state court to

6  "file in the district court of the United States for the district and division within which such

7  prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of

8  Civil Procedure and containing a short and plain statement of the grounds for removal, together

9  with a copy of all process, pleadings, and orders served upon such defendant or defendants in

10  such action." 28 U.S.C. § 1455(a). Section 1455(b) imposes two requirements on defendants

11  removing criminal prosecutions:

12    (1) A notice of removal of a criminal prosecution shall be filed not later than 30
13    days after the arraignment in the State court, or at any time before trial, whichever
     is earlier, except that for good cause shown the United States district court may
14    enter an order granting the defendant or defendants leave to file the notice at a later
     time.

15    (2) A notice of removal of a criminal prosecution shall include all grounds for such
16    removal. A failure to state grounds that exist at the time of the filing of the notice
     shall constitute a waiver of such grounds, and a second notice may be filed only on
17    grounds not existing at the time of the original notice. For good cause shown, the
     United States district court may grant relief from the limitations of this paragraph.

18    28 U.S.C. § 1455(b)(1)-(2).

19    A "defendant seeking removal has the burden to establish that removal is proper

20  and any doubt is resolved against removability." Hawaii ex rel. Louie v. HSBC Bank Nevada,

21  N.A., 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting Luther v. Countrywide Home Loans

22  Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008)).

23    Plaintiff was charged on November 4, 2023, and arraigned on January 12, 2024,

24  and filed his notice of removal on August 29, 2025. Accordingly, removal is untimely under §

25  1455(b)(1). Further, Plaintiff's notice for removal cited 28 U.S.C. §1443, and Plaintiff only raised

26  §1455 in his objections. Thus, the notice for removal did not include all grounds for removal and

27  it therefore was deficient under § 1455(b)(2). Finding removal improper under both §1443 and

28  §1455, the undersigned will recommend remanding the matter to Shasta County Superior Court.

1

**III. CONCLUSION**

2          Based on the foregoing, the undersigned orders and recommends as follows:

3          1. It is **ORDERED** that the findings and recommendations issued on October 20,

4   2025, ECF No. 6, are **VACATED**.

5          2. It is **RECOMMENDED** that this action be **REMANDED** back to Shasta

6   County Superior Court.

7          These amended findings and recommendations are submitted to the United States

8   District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14

9   days after being served with these amended findings and recommendations, any party may file

10  written objections with the Court. Responses to objections shall be filed within 14 days after

11  service of objections. Failure to file objections within the specified time may waive the right to

12  appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13

14

15          Dated:  November 17, 2025

16                                                    _____
                                                      DENNIS M. COTA
17                                                    UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28